ATHENS COMMUNITY HOSPITAL, INC., et al., Plaintiffs,

v.

Louis W. SULLIVAN, Secretary of Health and Human Services, Defendant.

Civ. A. No. 91–2650.

United States District Court, District of Columbia.

Sept. 30, 1992.

Louis Sullivan, John Schamann, Dept. of Justice, Civil Div., for defendant.

Athens Community Hosp., David T. Smorodin & W. David Allen Eaton, McClellan & Allen, Washington, D.C., for plaintiffs.

## MEMORANDUM

GESELL, District Judge.

This case is before the Court on cross-motions for summary judgment. Plaintiffs, several hospitals in Tennessee and North Carolina, have asked the Court to declare invalid certain Medicare regulations promulgated by the Secretary of Health and Human Services (the Secretary), alleging that the

regulations are arbitrary and capricious and inconsistent with the Medicare Act. The issues have been fully briefed and no material facts are in dispute.

## I. Factual Background

Plaintiffs challenge the method that the Secretary has implemented for determining regional classification of hospitals for purposes of standardized Medicare payments. Under Medicare's payment system, hospitals are not reimbursed for actual costs, but are funded according to standardized amounts determined in part by the hospitals' geographic classification. Plaintiffs challenge in particular the calculation of their "wage index," which is determined by a comparison of the wage level for hospitals in the geographic area in which the hospital is located to the national average wage level. 42 U.S.C. § 1395ww(d)(3)(E). The classification of hospitals in geographic areas is thus a key factor in reimbursement payments.

Plaintiffs applied to the Medicare Geographic Classification Review Board (the Board) for reclassification into higher wage-index areas. The Board denied their petitions because they did not meet one of the requirements for the geographic classifications sought. Although plaintiffs met the proximity requirement, which mandates that a hospital must be located within thirty-five miles [1] of the area to which it seeks redesignation, 42 C.F.R. 412.230(b)(1), they did not meet the "adjacency requirement" of 42 C.F.R. 412.230(a).

A hospital seeking redesignation to a different area must be located in a county or a metropolitan statistical area (MSA) "that is adjacent to the rural area or urban area to which it seeks redesignation." 42 C.F.R. § 412.230(a)(2). Although the word "adjacent" is not defined in the regulations, the Secretary defined it to mean "contiguous" in the preamble to the regulations as published in the Federal Register. 56 Fed.Reg. 25458, 25472 (June 4, 1991). Plaintiffs did not meet the adjacency requirement because their classification areas were separated from the

higher wage-index areas by narrow portions of intervening counties.

Plaintiffs contend that this adjacency requirement and its interpretation by the Secretary to mean contiguous are arbitrary and capricious in violation of 5 U.S.C. § 706(2)(A) and inconsistent with the Medicare Act, 42 U.S.C. §§ 1395 *et seq.*, in violation of 5 U.S.C. § 706(2)(D). These claims are addressed in turn.

## II. The Medicare Act

■ Plaintiffs claim that the adjacency requirement is inconsistent with the provision of the Medicare Act under which the regulations were promulgated. They contend that because the factors listed in the statutory guidelines for reclassification, 42 U.S.C. § 1395ww(d)(10)(D), do not include an adjacency requirement, it is not within the Secretary's authority to implement the requirement.

This argument is very similar to *Universal Health Servs. of McAllen v. Sullivan*, 770 F.Supp. 704, 715 (D.D.C.1991), *appeal pending*, 978 F.2d 745 (D.C.Cir.1992), where the plaintiff challenged the proximity requirement of the same regulations at issue here. In that case, Judge Flannery found that the promulgation of the proximity requirement was within the Secretary's authority and was consistent with the statute.

The statute provides that the regulations "shall include" the listed factors, but does not exclude all other factors from consideration. Although the adjacency requirement was not mandated by the statute, it does not depart significantly from the considerations described. Subsection II of the statute calls for "[g]uidelines for determining whether the county in which the hospital is located should be treated as being a part of a particular Metropolitan Statistical Area." 42 U.S.C. § 1395ww(d)(10)(D)(i)(II). The challenged regulation sets forth criteria for classifying individual hospitals, rather than counties, so it does not meet the letter of the statute, but it certainly comports with what Congress intended the agency to prescribe. Like the

---

1. The distance is thirty-five miles for rural hospitals and fifteen miles for urban hospitals. 42 C.F.R. § 412.230(b)(1).

proximity requirement upheld in *McAllen, supra,* the adjacency requirement is a reasonable and valid exercise of the Secretary's authority. *Chevron, USA, Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 843, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694 (1984) ("[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.").

Plaintiffs also contend that the adjacency requirement is inconsistent with the statutory intent to group hospitals with similar costs together for purposes of establishing Medicare payment levels. According to the logic of this argument, the only valid regulations would require a cost analysis and comparison for every hospital and its reclassification destination. One purpose of the regulations is to avoid such painstaking calculations. While the adjacency requirement undoubtedly does advantage some hospitals and disadvantage others due to geographic irregularities, this alone is not a sufficient reason to find that it is inconsistent with the purposes of the reclassification scheme. In advocating "a reasonable and flexible proximity requirement" as sufficient to meet the statutory goals (Plaintiffs' Motion for Summary Judgment at 20), plaintiffs give little if any weight to the administrative burdens that "flexible" requirements often necessitate. The Court rejects plaintiffs' challenge and finds that the adjacency requirement is reasonable and consistent with the needs of the reclassification scheme outlined in the Medicare Act.

### III. Arbitrary and Capricious

The standard of review of agency actions under the Administrative Procedure Act is a narrow one. *Citizens to Preserve Overton Park v. Volpe,* 401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed.2d 136 (1971). In determining whether an agency's action is arbitrary and capricious, the Court must consider whether an agency's rule is based on relevant factors, but "[t]he court is not empowered to substitute its judgment for that of the agency." *Id.* at 416, 91 S.Ct. at 824.

The adjacency requirement is not unreasonable. It is a simple and easily administrable criterion to use in determining where to classify a hospital. No statistics need be compiled in order to determine whether a county or MSA is adjacent to the area to which it seeks redesignation, so the requirement enables the Board to rely on easily observable characteristics rather than engage in costly calculations. Plaintiffs demonstrate correctly that irregularly shaped counties may in some situations produce unwarranted differences between treatment of hospitals in similar locations with respect to the area of redesignation (Plaintiffs' Motion for Summary Judgment at 24–26). Nevertheless, this Court cannot find that regulations based on county boundaries are arbitrary and capricious. Countless federal and state regulations are based on county lines. While these borders are not perfectly suited for the purposes of many of these regulations, they are convenient and rational, not "arbitrary and capricious."

Plaintiffs argue that the proximity requirement should be determinative and that the adjacency requirement arbitrarily interferes with the reclassification of hospitals that meet the proximity requirement. There is no evidence, however, in either the regulations or the statute that the proximity requirement should be considered more important than the adjacency requirement. In fact, the adjacency requirement is listed first in thee regulations, indicating that perhaps the opposite is true. It is easier for a hospital and for the Board to determine adjacency than it is to measure distances accurately or calculate wage averages. For these reasons, the Court finds that the adjacency requirement is a reasonable exercise of the Secretary's authority to implement the Medicare reclassification scheme.

Finally, the Court finds that the interpretation of "adjacency" to mean "contiguous" for the purposes of reclassification is not arbitrary and capricious. Plaintiffs rely on Webster's New International Dictionary, which defines adjacent as meaning "lying near, close or contiguous," and in the next paragraph argue that the Secretary's interpretation that adjacent means contiguous is "contrary to common usage" (Plaintiffs' Mo-

**4**

tion for Summary Judgment at 40).[2] While contiguous is not the only conceivable meaning of adjacent, it is clearly a reasonable interpretation. More importantly, the Secretary indicated in the preamble to the regulation that adjacent would be defined to mean contiguous, 56 Fed.Reg. 25458, 25472 (June 4, 1991), and has applied this definition consistently. There is nothing unreasonable or contrary to the statute in this interpretation.

### IV. Conclusion

The Court therefore finds that the adjacency requirement of 42 C.F.R. § 412.-230(a)(2) and its interpretation to mean contiguous are within the Secretary's authority and consistent with the Medicare Act.[3] In addition, the Court finds that plaintiffs' procedural challenges to the adjacency requirement are invalid for the reasons stated in *McAllen, supra*, at 719–22. Accordingly, plaintiffs' motion for summary judgment must be denied, and defendant's motion for summary judgment granted. An appropriate Order accompanies this Memorandum.

---

2. The American Heritage Dictionary of the English Language, New College Edition and The Concise Oxford Dictionary also define adjacent to mean contiguous.

3. Although the plaintiffs requested oral argument on their motion, the Court finds that because of the thoroughness of the briefs and the nature of the dispute, oral argument is not necessary.